# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

VICTOR WAYNE BOGAN,                                                                     PLAINTIFF
ADC #085355

V.                                            5:15CV00139-BSM-JTK

ARKANSAS DEPARTMENT OF CORRECTION, et al.,                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

1

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Bogan, a state inmate confined at the Delta Regional Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging Defendants placed him in administrative segregation without filing disciplinary charges against him, convicted him of false disciplinary violations which interfered with his ability to appear before the parole board and prevented him from attending his mother's funeral, and violated ADC policies and procedures. Plaintiff asks for damages for mental and physical harm.

**I.   Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The

plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 557.

## II. Facts and Analysis

Plaintiff alleges in his Amended Complaint that Defendant McFadden questioned him on July 15, 2014, about alleged sexual misconduct with a fellow inmate. (Doc. No. 4, p. 5) Pending an investigation into the allegations, Plaintiff was incarcerated in administrative segregation, where he received extension notices based on the on-going investigation on July 22, 2014, July 29, 2014, and August 5, 2014. (Id., p. 6) He claims he never received a fourth and fifth extension form in violation of ADC policy, and instead appeared before the classification committee, which decided on August 13, 2014, to retain him in segregation. (Id., pp. 6-7) On September 12, 2014, he was returned to general population. (Id., p. 7)

On September 15, 2014, Plaintiff was escorted to internal affairs where he took a voice stress analysis test and was told that he passed. (Id., pp. 7-8) He returned to his barracks where he remained until October 8, 2014, when officers placed him on disciplinary court review status (DCR) and returned him to segregation. (Id., p. 8) On October 9, 2014, he was charged with disciplinary violations based on an internal affairs report. (Id., p. 9) After a hearing, he was found guilty of engaging in sexual activity with another person, making sexual proposals to another person, failure to obey orders of staff, and deliberately providing misinformation to another in the course of an investigation. (Id., pp. 9, 26) He was

sentenced to thirty days punitive, reduced in class, and lost good time. (Id., p. 26) As a result, he was unable to appear before the parole board as scheduled, and when his mother passed away during this time, the Chaplain failed to inform him of her death until four days later, and Defendants Banks and Gibson would not permit Plaintiff to attend the funeral. (Id., pp. 9-10) Plaintiff was assigned to maximum security segregation on November 19, 2014, and released to general population in January, 2015. (Id., p. 10)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Having reviewed Plaintiff's Amended Complaint, the Court finds that it fails to state a claim upon which relief may be granted for the following reasons.

    **A.**    **Ad Seg - Due Process**

Plaintiff first complains that he was placed in administrative segregation from July 15, 2014, until September 12, 2014, without being charged with a disciplinary violation. In order to support a claim for relief based on these allegations, Plaintiff must show that he was deprived of a protected liberty interest which resulted in "atypical or significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether an inmate possesses a protected liberty interest, the courts "compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life.... We do not consider the

procedures used to confine the inmate in segregation." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). The courts have held that placement in administrative segregation, even without cause, is not an atypical and significant hardship. Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002).

In this particular case, Plaintiff was incarcerated for approximately fifty-nine days in segregation, and he does not allege anything about his segregation conditions that would support a finding of atypical or significant hardship. In Hemphill v. Delo, the court held that thirty days in disciplinary segregation and 290 days in administrative segregation was not atypical and significant. 124 F.3d 208, 1997 WL 581079 *2 (8th Cir. 1997) (unpublished) (per curiam). Therefore, the Court finds that this allegation fails to state a claim upon which relief may be granted.

### B.    False Disciplinary - Due Process

Plaintiff also complains that he was charged with disciplinary violations as a result of the investigation commenced in July, 2014, despite the fact that he was told he passed a voice stress analysis test in October, 2014. Initially, the Court notes that the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), and that in order to file a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit. Woods v. Smith, 50 F.3d 1151, 1154 n. 16 (5th Cir. 1995). In this particular case, Plaintiff provides information that his disciplinary violation was upheld on appeal to the disciplinary hearing administrator, but it is not clear whether he further appealed to the ADC Director. (Doc. No.

4, pp. 14, 15) Therefore, absent an allegation that his disciplinary charges were reversed on appeal, the Court finds that Plaintiff's allegation cannot form the basis of a § 1983 claim.

In addition, the Court finds that this case falls within the context of Edwards v. Balisok, 520 U.S. 641(1997), and Heck v. Humphrey, 512 U.S. 477(1994). In Balisok, the United States Supreme Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. 520 U.S. at 645. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. Id. at 648. In the earlier case of Heck v. Humphrey, the United States Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. 512 U.S. at 489. Finally, in Sheldon v. Hundley, the Court held that "[i]f success on the merits of a particular § 1983 claim would necessarily imply the invalidity of a disciplinary result lengthening the plaintiff's prison sentence, Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." 83 F.3d 231, 233 (8th Cir. 1996).

In this case, Plaintiff alleges that he lost one year of good time as a result of his disciplinary conviction, and he seeks monetary damages for physical and mental pain and suffering. (Doc. No. 4, pp. 9, 11) Therefore, Plaintiff is alleging Defendants reached the wrong result, in an action which resulted in loss of his good time credits. The Court finds this claim should be dismissed until his sentence is reversed, expunged, or called into question by a state tribunal or federal court.

### C. Violation of ADC procedures

Plaintiff appears to allege that Defendants violated ADC policy by failing to file extensions during part of the time he was housed in administrative segregation. However, allegations based solely on Defendants' failure to follow ADC policies and procedures should be dismissed, for failure to state a claim. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

### D. Parole

Plaintiff also alleges that as a result of the disciplinary conviction and his demotion in class, he was no longer eligible to attend a scheduled meeting before the parole board. Again, this allegation does not support a constitutional claim for relief, because there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). The Arkansas Parole statute, ARK. CODE ANN. § 16-93-201-206 (LexisNexis 2008), establishes only the possibility of parole and nothing in the Arkansas

statutes create a right of an inmate to release on parole which would invoke due process protection, Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979).

**E.     Furlough**

Finally, Plaintiff complains that he was denied the opportunity to attend his mother's funeral. However, a prisoner does not have a constitutional right to attend a family member's funeral. See Merritt v. Broglin, 891 F.2d 169, 174-75 (7th Cir. 1989); and Cooper v. Burl, No. 2:11cv00044-SWW-JTR, 2011 WL 1743306 (E.D.Ark.).

**III.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 12th day of June, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE